This is an appeal from a Jackson County Municipal Court judgment of conviction and sentence. The jury found Rick D. Pendleton, defendant below and appellant herein, guilty of one count of petty theft in violation of Wellston City Ordinance 545.05(A)(1), and not guilty of one count of receiving stolen property in violation of Wellston City Ordinance 454.18(A).
Appellant assigns the following errors:
FIRST ASSIGNMENT OF ERROR:
 "THE CONVICTION FOR PETIT THEFT OF POTTED PLANTS WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND BASED UPON EVIDENCE INSUFFICIENT AS A MATTER OF LAW."
SECOND ASSIGNMENT OF ERROR:
 "THE DEFENDANT WAS DENIED HIS RIGHT UNDER THE STATE AND FEDERAL CONSTITUTIONS TO THE EFFECTIVE ASSISTANCE OF COUNSEL."
On August 11, 1997, Wellston City Police Chief Mark Jacobs filed two complaints against appellant, who was a police officer under Jacob's command. In the receiving stolen property complaint, Chief Jacobs alleged that on or about May 7, 1997, appellant "did receive, retain or dispose of" two maple trees belonging to the City of Wellston. In the petty theft complaint, Chief Jacobs alleged that on or about May 7, 1997, appellant "did, with purpose to deprive Ohio Valley Supermarkets, Inc., DBA Wellston Foodland, the owner * * * knowingly obtain or exert control over" two potted shrubs. Because the jury found appellant not guilty of the receiving stolen property charge, we will focus our discussion on the petty theft charge.
Appellant's trial counsel filed numerous pretrial motions and other documents, including: (1) a motion to suppress evidence; (2) request for a bill of particulars; (3) demand for discovery; (4) jury demand; (5) motion to compel discovery; (6) request for a restraining order; (7) motion for relief from prejudicial joinder; (8) demand for discovery of particular items; (9) motion to exclude testimony; and (10) witness list. After holding a hearing on the motion to suppress, the trial court denied that motion on September 25, 1997. On November 25, 1997, the trial court entered judgment overruling appellant's motion "for relief from prejudicial joinder." In that motion, appellant sought a separate trial on each of the two complaints.
On December 10, 1997, appellee filed a bill of particulars. In the bill of particulars, appellee explained in pertinent part as follows concerning the petty theft charge:
 "As to the theft charge, Rick Pendleton did, on May 7, 1997, with purpose to deprive the owner, take two (2) shrubs from the Wellston Foodland grocery store property and placed them into the trunk of the Wellston City Police Department cruiser that was under Pendleton's control. Pendleton left the Foodland property without paying for those shrubs. This was all done without the consent of the owner or person authorized to give consent. The foregoing all occurred within the City of Wellston, County of Jackson, and State of Ohio."
The trial court tried the two complaints together on February 12, 1998. Wellston Foodland employee Kevin Halterman testified that on May 6, 1997 at approximately 2:30 a.m., he noticed a police cruiser in the parking lot. When Halterman walked outside, he saw appellant, who was a police officer in uniform, pick up two potted shrubs. When appellant noticed Halterman, appellant set the potted shrubs down and said he didn't have enough money to pay for the potted shrubs that night but he would come back the next day to buy them. Halterman testified that during this time, the trunk lid on the police cruiser was open. Halterman reported the incident to Darvin Bloomer, the manager of the Wellston Foodland.
Bloomer testified that after the May 6, 1997 incident involving appellant and the potted shrubs, Bloomer started watching the store more often from his kitchen window, which is approximately eighty yards from the store. On the next night, Bloomer observed a City of Wellston police cruiser pull into the parking lot and park approximately six to eight feet away from some potted shrubs. Bloomer witnessed a uniformed police officer take a potted shrub in each hand, place those potted shrubs into the trunk of the cruiser, close the trunk, and go inside the store. When Bloomer later checked to see if the police officer had paid for the potted shrubs, he learned that no potted shrubs had been sold that night. Bloomer reported the incident to the mayor of the City of Wellston.
Bloomer further testified that the next morning Wellston Police Chief Mark Jacobs brought appellant to the Wellston Foodland to talk with Bloomer. Either Jacobs or appellant told Bloomer that appellant had paid for the potted shrubs he took. When Bloomer told appellant that there was no record of a payment, appellant said that he didn't pay the night man but instead paid at the service counter. When Bloomer told appellant that the service counter is closed at night and no one who works at night is trained to operate the service counter register, appellant changed his story to say that he didn't take the potted shrubs, but merely picked them up, inspected them, and put them down. Wellston Police Chief Mark Jacobs corroborated Bloomer's testimony.
The jury found appellant guilty on the petty theft charge involving the potted shrubs. The trial court sentenced appellant to six months in jail and fined him one thousand dollars. Appellant filed a timely notice of appeal.
 I
In his first assignment of error, appellant asserts that the petty theft conviction is against the manifest weight of the evidence and is not supported by sufficient evidence.
There is a clear and definite distinction between a "manifest weight of the evidence" challenge and a "sufficiency of the evidence" challenge. In State v. Thompkins (1997), 78 Ohio St.3d 380, 678 N.E.2d 541, paragraph two of the syllabus, the court held as follows:
 "The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different."
We will first consider appellant's assertion that his conviction is not supported by sufficient evidence. When reviewing the sufficiency of the evidence, our inquiry focuses primarily upon the adequacy of the evidence; that is, whether the evidence, if believed, reasonably could support a finding of guilt beyond a reasonable doubt. See State v. Thompkins
(1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541, 546 (stating that "sufficiency is the test of adequacy"); State v. Jenks
(1991), 61 Ohio St.3d 259, 273, 574 N.E.2d 492, 503. The question of whether the evidence is legally sufficient to sustain the verdict is a question of law. See Thompkins,78 Ohio St.3d at 386, 678 N.E.2d at 546. The standard of review is whether, after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. See Jackson v. Virginia (1979), 443 U.S. 307,99 S.Ct. 2781, 61 L.Ed.2d 560; Jenks, 61 Ohio St.3d at 273,574 N.E.2d at 503. Furthermore, a reviewing court is not to assess "whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction." See Thompkins, 78 Ohio St.3d at 390,678 N.E.2d at 549 (Cook, J., concurring).
Employing the above standard, we find that appellee presented sufficient evidence from which a reasonable jury could conclude, beyond a reasonable doubt, that appellant committed petty theft. Halterman testified that on the night of May 6, 1997, he found appellant holding two potted shrubs at a time when the trunk lid of his police cruiser was open. When appellant noticed Halterman, appellant put down the potted shrubs and explained that he did not have money to pay for the potted shrubs. The next night, Bloomer observed a City of Wellston police officer park near some potted shrubs, place two potted shrubs in the truck of the police cruiser, and enter the store. Bloomer further testified that no shrubs were sold that night. During a meeting between Bloomer, appellant, and Wellston Police Chief Jacobs, appellant first admitted taking the potted shrubs, but changed his story after being told that he could not have paid for the shrubs. This evidence, taken together, is sufficient to support the petty theft conviction.
When considering appellant's assertion that the conviction is against the manifest weight of the evidence, the reviewing court sits, essentially, as a " 'thirteenth juror' and [may] disagree with the fact finder's resolution of the conflicting testimony." State v. Thompkins (1997), 78 Ohio St.3d 380, 387,678 N.E.2d 541, 546-7 (quoting Tibbs v. Florida (1982),457 U.S. 31, 42, 102 S.Ct. 2211, 2218, 72 L.Ed.2d 652). The reviewing court must dutifully examine the entire record, weighing the evidence and considering the credibility of the witnesses, while being mindful that credibility generally is an issue for the trier of fact to resolve. State v. Thomas (1982),70 Ohio St.2d 79, 80, 434 N.E.2d 1356, 1357; State v. DeHass
(1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus.
Once the reviewing court has finished its examination, the court may reverse the judgment of conviction if it appears that the trier of fact, in resolving conflicts in the evidence, " 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' " Thompkins, 78 Ohio St.3d at 387, 678 N.E.2d at 547
(quoting State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717, 720-721). If the state presented substantial evidence upon which the trier of fact reasonably could conclude, beyond a reasonable doubt, that the essential elements of the offense had been established, a reviewing court will not reverse the judgment of conviction as being against the manifest weight of the evidence. State v. Eley (1978),56 Ohio St.2d 169, 383 N.E.2d 132, syllabus.
Upon our review of the entire record, we find that the trier of fact did not clearly lose its way and create a manifest miscarriage of justice. We find substantial evidence upon which the trier of fact reasonably could conclude that the state established, beyond a reasonable doubt, the essential elements of the offense of petty theft. As we discussed supra, appellee introduced substantial evidence upon which the jury could reasonably conclude that appellant stole the potted shrubs. Bloomer testified that he observed a Wellston police officer place two potted shrubs in his cruiser on the night of May 7, 1997. When confronted with the information, appellant admitted he took the potted shrubs, but stated that he had paid for them at the night counter. When confronted with information that the night counter register could not have been used on the night in question, appellant changed his story.
Accordingly, based upon the foregoing reasons, we overrule appellant's first assignment of error.
 II
In his second assignment of error, appellant contends he received ineffective assistance of counsel.
In Ohio, a properly licensed attorney is presumed competent and an appellant bears the burden to establish counsel's ineffectiveness. State v. Hamblin (1988), 37 Ohio St.3d 153,524 N.E.2d 476, cert. den. (1988), 488 U.S. 975; Vaughn v.Maxwell (1965), 2 Ohio St.2d 299, 209 N.E.2d 164. Appellant must show that counsel failed to function as the "counsel" contemplated by the Sixth Amendment. Strickland v. Washington
(1984), 466 U.S. 668. The Sixth Amendment right to counsel protects "the fundamental right to a fair trial." Id.,466 U.S. at 684. "A fair trial is one in which evidence subject to adversarial testing is presented to an impartial tribunal for resolution of issues defined in advance of the proceeding."Id., 466 U.S. at 685. Thus, effective counsel is one who "plays the role necessary to ensure that the trial is fair," id.,466 U.S. at 685, and, therefore, "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id., 466 U.S. at 686.
To establish that defense counsel's conduct so undermined the functioning of the adversarial process, an appellant must establish: (1) that "counsel's performance was deficient"; and (2) that the "deficient performance prejudiced the defense."Id., 466 U.S. at 687. Counsel's performance is deficient if he "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."Id., 466 U.S. at 687. Whether counsel's performance is deficient is determined from an objective standard of reasonable representation. State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, cert den. (1990), 497 U.S. 1011. To prove that defense counsel's deficient performance prejudiced the defense, an appellant must establish that a reasonable probability exists that the result of the trial would have been different. Additionally, an appellant must overcome the presumption that, under the circumstances, the trial counsel's actions constituted sound trial strategy. Strickland; supra.
We have reviewed the record of the proceedings below and find appellant's trial counsel did not commit serious errors which deprived appellant of a fair trial. Appellant's trial counsel filed numerous pretrial motions and other documents. Appellant does not argue that his trial counsel failed to file relevant motions or otherwise take action during the pretrial phase of the case. Although appellant's trial counsel did not object at every instance when she might have objected, we find that overall appellant's trial counsel provided appellant with the counsel contemplated by the Sixth Amendment. She cross-examined each of the state's witnesses in probing detail. Appellant does not argue that his trial counsel should have presented witnesses on appellant's behalf. One measure of appellant's trial counsel success is the fact that she won appellant an acquittal on the receiving stolen property charge. We find that appellant's trial counsel's performance did not render the proceedings below unfair, unjust, or unreliable.
Accordingly, based upon the foregoing reasons, we overrule appellant's second assignment of error.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Jackson County Municipal Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. Kline, J.: Concur in Judgment Opinion
For the Court
 BY: _______________________ Peter B. Abele, Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.